NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-968


STATE OF LOUISIANA

VERSUS

DAVID NEAL THOMAS


********


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 7919-10
HONORABLE RONALD F. WARE, DISTRICT JUDGE

********

ELIZABETH A. PICKETT
JUDGE

********

Court composed of Sylvia R. Cooks, John D. Saunders, and Elizabeth A. Pickett, Judges.


REVERSED AND REMANDED.

John Foster DeRosier
Fourteenth JDC District Attorney
Carla Sue Sigler
Karen C. McLellan
Assistant District Attorneys
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR PLAINTIFF-APPELLANT:
    State of Louisiana

**Sharon Renea Darville-Wilson**
**Attorney at Law**
**1827 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-6067**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **David Neal Thomas**

**PICKETT, Judge.**

**FACTS**

On January 6, 2010, the defendant, David Neal Thomas, was charged by Grand Jury Indictment with one count of molestation of a juvenile, one count of aggravated incest, and one count of sexual battery. Because this matter has not gone to trial, no evidence has been presented to a trier of fact. According to the grand jury indictment, the defendant was charged with the molestation of a juvenile over whom he exercised control or supervision. He was also charged with the aggravated incest and sexual battery of his biological daughter, M.D. (born July 30, 1993). According to the case report issued by the Louisiana State Police, the defendant was a Calcasieu Parish Sheriff's Deputy. The allegations were brought by the victim's mother. The victim's mother claimed that on numerous occasions the defendant had oral and vaginal sexual intercourse with their sixteen-year-old daughter.

The defendant pled not guilty to the charges on February 8, 2010. Various preliminary motions and trial fixings followed, including a Motion to Elect Judge Trial filed by the defendant. The case was set for trial on March 29, 2012, however, the defendant filed a Motion for Continuance, alleging defense counsel was ill. The trial court granted the motion, which the state did not oppose, but could not fix a trial date at that time. According to the minutes of January 2, 2013, the state moved to fix the trial for April 9, 2013. That motion was granted by the trial court. The minutes do not reflect that defense counsel was present on that date.

Thereafter, on March 27, 2013, the state filed a motion to fix the defendant's trial for the following day, March 28, 2013 at 1:30 pm. The trial court signed the

order the day it was filed. At a hearing held later that day, the trial court continued the trial from March 28, 2013 to the previously scheduled date of April 9, 2013. Defense counsel objected to both the state's motion to fix trial for March 28, 2013, and the trial court's continuing the trial on its own motion.

On April 9, 2013, the defendant filed a Motion to Quash based on the state's failure to commence trial within the time limitations required by La.Code Crim.P. art. 578. A hearing was held on the motion that same date. The trial court granted the Motion to Quash.

On May 14, 2013, the state filed a Motion and Order for Appeal. The state is now before this court alleging four assignments of error regarding the trial court's grant of the defendant's Motion to Quash.

## ASSIGNMENTS OF ERROR

1) The trial court erred when it granted the defendant's motion to quash when it has previously granted the state's motion to fix criminal trial date.

2) The trial court erred in granting the defendant's defective motion to quash.

3) The trial court erred in ordering a hearing on the defendant's defective motion to quash in such haste that the state was left with inadequate time to prepare to defend against it.

4) The trial court erred in issuing a ruling that does not specify the exact dates of prescription and the date by which the state allegedly should have tried this defendant.

## DISCUSSION

We have thoroughly reviewed the record in this matter and find the trial court erred in granting the defendant's Motion to Quash as the prescriptive period for prosecuting this matter has not expired.

2

In the matter before us, prosecution commenced on January 7, 2010. Code of Criminal Procedure Article 578(2) provides that no trial shall be commenced after two years from this date. On its face, therefore, prescription would run on January 12, 2012.

There are, however, certain filings and events that can result in an interruption or suspension of this two-year prescriptive period. Louisiana Code of Criminal Procedure Article 580 provides:

> When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended **until the ruling of the court thereon**; but in no case shall the state have less than one year after the ruling to commence trial.

(Emphasis added.)

On August 10, 2010, the defendant filed a Motion to Quash a search warrant that pertained to the collection of blood from the defendant for DNA analysis. The trial court issued a stay order as to the execution of the warrant and set the matter for hearing on September 22, 2010.

A hearing was, in fact, held September 22, 2010. Arguments were heard from both the state and the defendant as to whether there was a real necessity for the collection of the blood sample sought by the state. Testimony was taken from a crime lab employee. There was extensive discussion as to what information could be gained, if any, from the CODIS system. At the conclusion of the hearing the trial judge specifically said, "I'm going to quash Judge Canaday's subpoena until you can give me some information from CODIS."

The record is silent as to whether any further steps have been taken regarding this motion. The trial court has not ruled on this pending motion.

3

The filing of the Motion to Quash the search warrant was a preliminary plea which suspended the running of the two-year prescription period set forth in La.Code Crim.P. art. 578(2). The trial court has never ruled on that motion. It has never been withdrawn by the defendant. Consequently, the time limitation has been suspended and remains suspended at this time. There is no violation to the defendant's right to a speedy trial. The trial court's ruling on the Motion to Quash for failing to bring this matter to trial timely is reversed. The case is remanded for trial.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.